My name is Rule Walker, counsel for Plaintiff and Appellant Douglas Dees, and with the permission of the Court, I would like to reserve three minutes for a rebuttal. May I do so, Mr. Walker? Your Honors, I assume the Court would like me to address the jurisdictional issues first. Always a good threshold. Yes, sir. I have to acknowledge that the Fifth Circuit's recent decision in Meyer v. Full Spectrum Lending means that the Fifth Circuit, at least, has answered the jurisdictional question presented by this case in the negative, from my viewpoint, that a district court order compelling arbitration, staying the action pending completion of arbitration, and administratively closing the case with no other indication of the Court's intent, is not a final decision. But of course, this circuit is not bound by a decision of the Fifth Circuit. But we've got the same fact pattern here. Yes, Your Honor. I can see that.  Yes, Your Honor. If we go along that way, what you'd have to do is to go arbitrate it, and then seek a remedy from the order enforcing the arbitration award. Yes, Your Honor. What's wrong with that? Your Honor, well, in the first place, at the time that we filed the appeal, the question was certainly arguable, and I didn't want to be faced with waiting and then finding out that the order had been appealable earlier. And secondly... The Fifth Circuit relies on a statute, doesn't it? Yes, Your Honor. Well, but the Fifth Circuit, prior to Meyer v. Full Spectrum leasing, there was, I believe, an argument, and I still think there is some argument, at least, that this was an appealable decision. Because what I would urge the Court to do, this Court to do, is to analyze the question more in the terms that were suggested by the Supreme Court's decision in Greentree Corporation, that a final decision with respect to an arbitration is any order that, quote, ends the litigation on the merit and leaves nothing more for the Court to do but execute the judgment. In Greentree itself, there was still the possibility that the plaintiff could come back to the district court for entry and execution of judgment. So, obviously, in the Supreme Court's view, the mere possibility that the party has to come back for execution of judgment does not, per se, make it a non-appealable order. The same thing is true in the current case. The entire matter has been referred to arbitration, and the district court has literally nothing more to do but to execute the judgment. Now, I would argue that the Federal Arbitration Act establishes a spectrum with two clear points on it. One is that a final decision is appealable, and clearly a mere stay with an order compelling arbitration is not appealable. Yeah, the problem with that is that the reason for 1291 is you may go to arbitration and prevail, and there will be nothing to appeal except by your friend across the aisle. So that if we allow you to appeal this, aren't we, in effect, making double work for the appellate courts? Your Honor, I acknowledge that the Federal Arbitration Act has a slant towards slanting the person towards arbitration. On the other hand, my own opinion is that this order is clearly in error, and if I can get the court to get to the merits, we will save everybody a lot of trouble. So, at least from my viewpoint, the efficiency argument cuts in favor of hearing the Supreme Court. It may be in error, but how is it final? There's no adjudication as to whether you are correct or incorrect that the order is in error, or that the arbitrator will do the right thing. Certainly, Your Honor. Well, my position boils down to, Your Honor, to the position that when the court enters a stay and administratively closes the matter, that practically speaking, there is nothing left for the court to do but execute on the judgment. The entire matter has been sent to arbitration. What does the court execute on? What can the court send to – what could anyone of you send to the marshal and say execute on this judgment of the district court? Well, of course, we want to go ahead and have a full litigation, a full trial on the merits. Well, no, no. You said that at this point there's nothing left to do but execute on the judgment. What is the instruction to the U.S. marshal to execute on it? Well, once there is an arbitration award, that will be the basis of the district court execution. Well, if the district court wins the award – the arbitration, then it has to file – come back in the district court and ask for a judgment on the award. And then the district court can litigate that, the merits or lack of merit of the award. Yes. Is there any – is there any argument that you could not raise then that you're raising now? No, Your Honor, except that you – You can say – you can say the Nevada law applies rather than the California law, that this is an unconscionable agreement to arbitrate for all these reasons. You can do that when – if and when your opponent – supposing the opponent wins, the arbitration goes to enter the arbitration award. Well, of course, Your Honor, we've already raised all those arguments before the district court. I know, but it stayed. But you don't lose anything by going back and arbitrating and then coming back and raising all those issues again. Well, other than – other than the trouble of going through an arbitration that – yes. That's true, Your Honor. And my final point, Your Honor, would be that American heritage is still good law in the Fifth Circuit. I would – I would urge that a careful reading of South Louisiana Cement, which is another case that I cited in my recent letter to the court, sounds like it is limiting American heritage. But I believe a careful reading of that opinion demonstrates that it's not, that American heritage is still good law, and that the principle that something short of a final judgment, namely a dismissal from my position in administrative closing, could still be an appealable order. If we agree with you that this is a 1291 order, then on the merits, why don't you – And that's what I was just about to do, Your Honor. Your Honors, I think it's important to recognize that there are really three distinct issues presented by this case. Did the parties properly choose arbitration in the first place? Is the clause about arbitration valid and enforceable? Secondly, a distinction that the district court did not recognize, did the parties really choose California arbitration procedure law over Nevada law? Is that distinct provision of the contract valid and enforceable? And third, did the parties really choose to be governed by California's law applicable to health care providers, an entirely different body of law that the other side is arguing we agreed to and that we performed a choice of foreign law in this arbitration agreement? The magistrate and the district court made a number of fundamental errors in lumping these three questions together and assuming that everything was governed by California law. They assumed that the validity and enforceability of the arbitration agreement should be evaluated under California law, assuming without discussion that the choice of California law was for all purposes, including the validity and enforceability. But under well-recognized law, the validity in the absence, the other side concedes in their brief at pages 11 to 12. I misstated that in my brief. I said it was 12 to 13, but it's pages 11 to 12. They concede that the parties did not make a choice of California law for all purposes, but only for two limited purposes, namely arbitration procedure, well, three, summary judgment and the adoption of California's law according to health care providers. So, therefore, under well-recognized federal precedent, the court should apply Nevada law to the contractual validity and enforceability questions. And Nevada had all the relations to the contract. There was not even any mention of California at the time of contracting. The agreement is a contract of adhesion under Nevada law and is clearly imbalanced. But what do we do with the actual reference to California law in this boilerplate agreement that was signed? Well, Your Honor, if you read those provisions of the law carefully, they're adopting specific provisions of California law and are not – it's not an adoption of California law for all purposes. The other side concedes that in their brief at pages 11 to 12. There is no clause governing the enforceability and validity of – there is no choice of law governing the enforceability and validity of the agreement. But if they – pardon me. If you agree that you chose California law with respect to the law that applies to health providers, that – the last paragraph of that law specifically says that if the foregoing language is in the agreement, there will be no claim that this is an agreement of cohesion. Well, Your Honor, I – In California, that would mean it's procedurally not unconscionable. But, Your Honor, I'm not disputing that under – the district court found that section 1295 of California law validated this particular form. This form is in accord with California law. So we don't have much of an argument that's unconscionable under California law. We have a very valid argument under Nevada law as set forth in our brief. But why isn't there a choice of law as to what law of unconscionability applies via the application of 1295? Because – well, because you have to decide the question of the validity and enforceability of the agreement to begin with, which is to be governed by the law of the forum, if there is no choice of law as to that question. If – But by putting in the agreement specific provisions of the California law as to health providers, isn't that a pretty good indication of a contractual choice of law as to that? No. If that's – if that were true, Your Honor, that's an argument the other side made, that by merely mentioning California law in the contract, that was in essence a reference to California and an intention to adopt all California law. I don't believe that's valid because that would – the terms of the contract itself specifically limit the choice of law to specific provisions of California law. And by standard contract interpretation, that means that the other questions that are not adopted within the choice of law are governed by the law of the forum. And I've used up my time for rebuttal. Thank you. Thank you, counsel. We'll now hear from Dr. Billy, Ms. Greer. Good morning. Good morning, Your Honors. Before I start speaking, it's my first time in the Ninth Circuit. I just want to say that I'm very honored to be here in this wonderful country. Thank you. Me, too. I agree, of course, with the assessment that this is a non-appealable order. At first, when we first saw this order with a stay and a closure, I thought that the appellant had a fairly good argument that it was a final decision. But now there have been some cases recently that have come down that my opponent alluded to that have clarified what it means to be administratively closed. And it's just a docketing mechanism. And it is not intended to be a final decision from which it is appealable. Yes, but your adversary's position is that the district court didn't do its knitting here. It should have, before it sent it to arbitration, determined whether it was unconscionable ‑‑ substantively unconscionable agreement and, therefore, foreclosing any ‑‑ and if it so found, it would not have to refer it to arbitration. What's wrong with that argument that ‑‑ and if it did find it was not substantively unconscionable, then it could refer it to the arbitrator for procedurally unconscionability or whatever else remained open in the case? What's wrong with that? I really don't understand Your Honor's question. The court did make a determination that it wasn't substantively unconscionable the agreement. And that's why it sent it to arbitration. It found that it was neither procedurally unconscionable nor substantively unconscionable. So I wonder if the court ‑‑ Was it allowed to make both those determinations? Was it allowed to? Yes, Your Honor. That's the function of the district court in ruling on a petition to compel arbitration. Its first function is to decide whether or not there is an actual agreement to arbitrate. And that takes into account the usual defenses against a contract, fraud, coercion, unconscionability. And so, yes, it did have that function. And we know that the Federal Arbitration Act gives a lot of deference to choice of law clauses in arbitration agreements. Our arbitration agreement did say that California law, that this case shall be any dispute between you and me, patient and doctor, is going to be submitted to arbitration as determined by California law. Now, I think that that's a general enough choice of law statement that it's not as specific or limited as my opponent would say. What I said in my opening or in my responsive brief was that it doesn't refer to what law should determine the validity of the contract itself. But what it does do is say that if you and I are going to go to a malpractice suit, that that law will be determined by California law. I wouldn't give away that point so easily. The parties agree that provisions of California law applicable to healthcare providers shall, that's mandatory, apply to disputes with this arbitration agreement. Isn't the claim that the arbitration agreement is unconscionable a dispute with this arbitration agreement? I would say so. I mean, at least you can argue that. Well, you know what, Your Honor? That word with, actually, is supposed to say within. And I don't, it's a typo in our contract. But I can, you're right. I mean, we could make that argument. How can there be disputes within the arbitration agreement? Which means, and I know this language in drafting these contracts is difficult sometimes, but it just means. Let's not argue matters outside of the record. I'm sorry, Your Honor. But in any event, I do believe that the claimant, Dees, was well aware and really had an expectation that if anything happened between the doctor and him, that it's going to be decided by California law. California law applicable to healthcare providers? To healthcare providers, correct, Your Honor. And since he's a healthcare provider, that obviously obtains. It also, also invokes the California arbitration rules. And it's pretty comprehensive, I submit. What about the unconscionability issue? Is there mutuality here in this contract? Well, yes, Your Honor, we believe there is, especially since, obviously, one could say that Dees is the weaker party between a physician and a patient coming in. But, you know, the indicia of mutual assent is objective evidence. And here we have a patient who signed an arbitration agreement in a doctor's office with the right to rescind it within 30 days. And because of the fact that the client or the patient didn't rescind it, that indicates that he did assent to it. As Judge Cowen stated in an Alexander opinion, if, oh, no, I'm sorry, Judge O'Scanlon, in the Najat opinion with Circuit City, that failing to opt out shows that it's not a Dehesion contract or unconscionable. And this gentleman had 30 days to opt out, and he didn't. This mutuality of assent can also be shown by the fact that the agreement was drafted in accordance with California code. And the reason California code put forth those provisions is because it was supposed to be drafted to tell laypersons, patients, what they're doing. They don't just say, like some of the commercial contracts, we're going to go to arbitration. It says, if you sign this, you're giving up your right to a trial by jury. Now, federal court doesn't require that. In fact, they probably would say that that's a provision given a contract beyond what other contracts even require. But I think that because of those warnings, and it's fairly set forth, even if there is other legalese in it, the patient had adequate notice and did assent to it. There's no evidence that he didn't assent to it. And see, the problem is, is when we come forward with these petitions to compel arbitration, our burden is to put forth the contract itself. The other side's burden is to come forth and say, wait a minute, we didn't know, we    And I think there's a section in the record that shows that he asked for clarification, that he didn't understand what he was signing. And on that, I would submit, Your Honor. Thank you, counsel. I have just one question. You, just backwatering to your original jurisdictional point, if we adopt your position that there's no jurisdiction here, you agree, do you not, that all issues, certainly anything that the any award by the arbitrator, as well as anything that was decided by the district court in this case, including the very decision to refer to arbitration, are reserved for any future appeal? Yes, Your Honor. All right, fine. Thank you. Thank you, Counsel. The case just argued will be submitted for decision. And we will now hear argument in Rogers v. Horton. Thank you.
judges: O'scannlain, Cowen, Bea